## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Richmond Road Partners, LLC, *et al.*, | ) | CASE NO. 1:23 CV 01662 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Warrensville Heights, *et al.*, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**Introduction**

> This matter is before the Court upon defendants' Motion for Judgment on the Pleadings. (Doc. 11). This case arises from a zoning dispute wherein municipal defendants denied plaintiffs' site plan application, which was later approved on administrative appeal. For the following reasons, the motion is GRANTED.

**Facts**

> Plaintiffs Richmond Road Partners, LLC and Step Forward filed this Complaint for Declaratory Judgment and Mandatory Injunction ("Complaint") against defendants City of Warrensville Heights, City of Warrensville Heights Planning Commission ("Planning Commission"), and City of Warrensville Heights Building Commissioner. This case was originally filed in the Cuyahoga County Court of Common Pleas[1] and removed to this Court based on federal question jurisdiction.

> Plaintiff Step Forward is an Ohio non-profit school providing Head Start early education services for low-income families and children in the Cleveland area. Plaintiff Richmond Road Partners, LLC owns property in the city of Warrensville Heights that it agreed to lease to Step Forward for a Head Start program. The property is zoned U-7A. Warrensville Heights Ordinance §

---

[1] *Richmond Road Partners, LLC, et al. v. City of Warrensville Heights, et al.*, Cuyahoga County Court of Common Pleas, CV-23-983040, filed July 27, 2023.

1143.02 requires that buildings and land in the U-7A zoning district are used for "public and private schools, universities, colleges, professional schools, vocational schools and related educational facilities," or "non-profit educational and scientific research agencies." Compl. ¶¶ 11, 13.

In the fall of 2022, plaintiffs submitted a conditional use permit application seeking approval to open a Head Start and daycare facility on the property.[2] The Planning Commission denied the application and the Warrensville Heights City Council thereafter accepted the Planning Commission's recommendation and denied the application.[3]

Around November 21, 2022, plaintiffs applied to the Planning Commission for site plan approval for use of the property as a school and/or a non-profit educational agency. Around December 12, 2022, plaintiffs appeared before the Planning Commission and the application was denied. According to the Complaint, the commissioners indicated that they did not believe the property was a good location "for this type of day care, school, or . . . whatever you want to call it." Compl. ¶ 12. The City Council denied the application on February 7, 2023.

On March 8, 2023, plaintiffs filed an administrative appeal pursuant to Ohio Revised Code § 2506 with the Cuyahoga County Court of Common Pleas.[4] On October 4, 2023, the court found that defendants' decision denying plaintiffs' application for site plan approval was arbitrary,

---

[2] *Richmond Road Partners, LLC, et al. v. Warrensville Heights City Counsel, et al.*, Cuyahoga County Court of Common Pleas, CV-23-976289, Opinion and Order dated Oct. 4, 2023 (Kelley, K.), at 2 (hereinafter "State Court Order").
[3] *Id*.
[4] *Richmond Road Partners, LLC, et al. v. Warrensville Heights City Counsel, et al.*, Cuyahoga County Court of Common Pleas, CV-23-976289, filed Mar 8, 2023.

unreasonable, and unsupported by the preponderance of the submitted evidence.[5] The court

remanded the matter, directing defendants to grant plaintiffs' application.[6]

      While the administrative appeal was pending, on July 27, 2023, plaintiffs filed this

Complaint, which asserts four causes of action. Count I seeks a declaration that defendants'

decision denying plaintiffs' application for site plan approval was unconstitutional, arbitrary,

capricious, unreasonable, and without substantial relation to the public health, safety and morals.

Count II is a takings claim based upon the Just Compensation Clause of the Fifth Amendment and

made applicable to the states through the Fourteenth Amendment. Count III is a request for

mandatory injunction to proceed with appropriations proceedings to compensate plaintiffs for the

alleged taking. Count IV is a claim arising under 42 U.S.C. §§ 1983 and 1988 for violations of the

Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the

Ohio Constitution based on the alleged taking.

      This matter is now before the Court upon defendants' Motion for Judgment on the

Pleadings.

**<u>Standard of Review</u>**

      A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under

the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.,* 2013 WL

560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851

(6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded

allegations of the pleadings of the opposing party must be taken as true, and the motion may be

---

[5] State Court Order, at 8 ("A review of the entire record reflects that the decision of Appellee Warrensville Heights City Counsel of February 7, 2023, denying Appellants' application for site plan approval for the location of a preschool/educational facility . . . was arbitrary, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence.").
[6] *Id*.

granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**Discussion**

4

Defendants argue that the Court lacks subject matter jurisdiction over this action because the decision of the Court of Common Pleas directing the defendants to grant plaintiffs' site approval application renders plaintiffs' claims moot.  Moreover, defendants argue that plaintiffs fail to allege a viable taking claim.

### A.  Count I

In Count I, plaintiffs request a declaration from the Court that defendants' decision to deny their site approval application was arbitrary, capricious, and unsupported by the evidence. While the Court of Common Pleas reversed defendants' decision and directed defendants to grant plaintiffs' application, plaintiffs argue that their claims present issues that have not yet been determined and were expressly reserved by plaintiffs through their administrative appeal. Opp. at 10.

"Under Article III of the Constitution, a federal court's jurisdiction extends only to actual cases and controversies. A federal court has no power to adjudicate disputes which are moot." *Ammex, Inc. v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003) (citation and alterations omitted). Claims become moot "when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *Brandywine, Inc. v. City of Richmond, Kentucky*, 359 F.3d 830, 836 (6th Cir. 2004) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Pursuant to the State Court Order, plaintiffs have received the relief they now request in Count I.[7] Therefore, because defendants have already been directed to grant plaintiffs' site plan application, the motion is granted as to Count I on the basis that the claim is moot.

### B.  Counts II, III, and IV

---

[7] State Court Order, at 8.

5

Counts II, III, and IV are all based upon an alleged violation of the Takings Clause. The Takings Clause of the Fifth Amendment provides that private property shall not be taken for public use, without just compensation. U.S. Const. amend. V. The Fourteenth Amendment made the Takings Clause appliable to the states. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536. Courts apply "a two-part test to evaluate claims that a governmental action constitutes a taking of private property without just compensation." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 481 (6th Cir. 2004). "First, the court must examine whether the claimant has established a cognizable "property interest" for the purposes of the Just Compensation Clause." *Id*. (citations omitted). "Secondly, where a cognizable property interest is implicated, the court must consider whether a taking occurred." *Id*. (citations omitted).

Defendants argue that plaintiffs do not establish a takings claim. They argue that "[a]bsent extraordinary delay, a governmental entity's application of its administrative process for making zoning decisions cannot result in a state or federal taking claim." Mot. at 9. They argue that there was no delay to the administrative process, which concluded less than a year after plaintiffs' site plan application. *Id*. at 10–11.

Plaintiffs' allegations supporting their takings claim are based upon defendants' denial of their site plan application prior to the State Court Order directing defendants to approve it. Plaintiffs argue that defendants effected a temporary taking from February 7, 2023, when the City Council denied their site plan application, to the time a new tenant is found for the property. Opp. at 13–14. Further, plaintiffs argue that the defendants' administrative process was unnecessarily delayed due to the denial of the site plan application, which plaintiffs submitted only after they were advised that a school was a permitted use of the building. *Id*. at 14.

6

The Court finds that plaintiffs do not establish a takings claim. Plaintiffs' anticipated value of rent lost during the period of the administrative process is not a cognizable property interest sufficient to support a takings claim. *See Snyder v. Village of Luckey, Ohio*, 2024 WL 556134, at *6–*8 (N.D. Ohio Feb. 12, 2024) (dismissing takings claim because plaintiffs failed to identify a legally cognizable property interest where "the physical property ha[d] not changed hands" and the alleged property interest taken was the fluctuation in value during the process of governmental decisionmaking").

Moreover, even if it was a cognizable property interest, "[t]he Supreme Court has stated that mere fluctuations in value during the process of governmental decisiomaking, absent extraordinary delay, are incidents of ownership. They cannot be considered as a taking in the constitutional sense." *Id*. at *7 (citing *Agins v. city of Tiburon*, 447 U.S. 255, 263 n.9 (1980)) (alterations omitted). While plaintiffs argue a delay occurred, a one-year delay is not extraordinary and does not give rise to a takings claim. *See, e.g.*, *id*. at *7–*8 (finding two-year delay not extraordinary); *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 306 (2002) (finding thirty-two-month delay not extraordinary); *Wyatt v. United States*, 271 F.3d 1090. 1097–1100 (Fed. Cir. 2001) (finding seven-year delay not extraordinary).

Because plaintiffs do not identify a property interest to support a takings claim and cannot establish an extraordinary delay, there is no illegal taking. Accordingly, the motion is granted as to Counts II, III, and IV.

**Conclusion**

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings is granted.[8]

---

[8] Although not argued, because plaintiffs could have raised their state and federal claims alongside an administrative appeal in the state court, their claims are barred under the doctrine of res judicata. *See Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp., Ohio*, 988 F.3d 353

IT IS SO ORDERED.

Date:  May 9, 2024

PATRICIA A. GAUGHAN
United States District Judge

---

(6th Cir. 2021) (finding that administrative appeal pursuant to R.C. 2506 precluded subsequent claims that could have been raised during the appeal) (collecting cases); *Landberg v. Newburgh Heights Police Dep't*, 2018 WL 2899660, at *5 (N.D. Ohio June 11, 2018) (applying res judicata where plaintiff "could have raised his age discrimination claims during his administrative appeal in the Court of Common Pleas").